UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In Re:<br><br>COMPASSIONATE HOMECARE, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 20-40527-EDK |

**CHAPTER 7 TRUSTEE'S FIRST OMNIBUS OBJECTION TO CLAIMS
OF CERTAIN WAGE CLAIMANTS[1]
(Claim Nos. 14, 17, 19, 20, 21, 27, 29, 30, 31, 32, 33, 34, 35,
51, 52, 53, 55, 60, 67, 80, 81 and 86)**

To the Honorable Elizabeth D. Katz, Judge of the United States Bankruptcy Court, District of Massachusetts:

Anne J. White, the duly-appointed Chapter 7 Trustee (the "Trustee") of Compassionate Homecare, Inc. (the "Debtor") in the above-referenced case hereby objects, pursuant to section 502(a) of the Bankruptcy Code (11 U.S.C. §101 et seq.), Rule 3007 of the Federal Rules of Bankruptcy Procedure and MLBR 3007-1, to the proofs of claim (collectively, the "Claims") asserted by certain wage claimants, namely, (a) Edwin Abreu (Claim No. 51), (b) Yannirys Abreu (Claim No. 52), (c) Maria Acosta (Claim No. 53), (d) Giovanna Belen (Claim No. 21), (e) Cindy Berthiaume (Claim No. 55), (f) Maria Betances (Claim No. 81), (g) Mirlene Cadet (Claim Nos. 29 and 60), (h) Catherine Carlstrom (Claim No. 30), (i) Walkabys A. Castillo (Claim No. 31), (j) Marie Ange Cayo (Claim No. 32), (k) Ana M. Oyola Concepcion (Claim No. 33), (l) Maria Alt. Contreras dc Veras (Claim No. 34), (m) Juana Difo (Claim No. 27), (n) Ramona Difo (Claim No. 86), (o) Margaret Dorzin (Claim No. 14), (p) Maria Elena Francisco (Claim No. 35), (q) Lymarie Garcia (Claim No. 80), (r) Solmary Guzman (Claim No. 20), (s) Claribel Hiraldo

---

[1] This is the first of three Omnibus Claims Objections that the Trustee plans to file in this case.

(Claim Nos. 17 and 19) and (t) Victor Infante (Claim No. 67) (collectively, the "Claimants") against the Debtor's estate.

In sum, the Trustee requests entry of an Order (a) denying in their entirety the claims of Maria Betances (Claim No. 81), Juana Difo (Claim No. 27) and Ramona Difo (Claim No. 86) who have failed to submit their tax identification numbers to the Trustee, (b) denying in their entirety the duplicate claims of Mirlene Cadet (Claim No. 60), and Claribel Hiraldo (Claim No. 19) and (c) allowing in a modified amount the priority wage claims of Edwin Abreu (Claim No. 51), Yannirys Abreu (Claim No. 52), Maria Acosta (Claim No. 53), Giovanna Belen (Claim No. 21), Cindy Berthiaume (Claim No. 55), Mirlene Cadet (Claim No. 29), Catherine Carlstrom (Claim No. 30), Walkabys A. Castillo (Claim No. 31), Marie Ange Cayo (Claim No. 32), Ana M. Oyola Concepcion (Claim No. 33), Maria Alt. Contreras dc Veras (Claim No. 34), Margaret Dorzin (Claim No. 14), Maria Elena Francisco (Claim No. 35), Lymarie Garcia (Claim No. 80), Solmary Guzman (Claim No. 20), Claribel Hiraldo (Claim No. 17), Victor Infante (Claim No. 67). In support hereof, the Trustee represents as follows:

1. On May 4, 2020, the Debtor filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code (11 U.S.C. Section 101 et seq.). On November 18, 2020, the case was converted to a Chapter 7 proceeding.

2. On November 18, 2020, the Trustee was duly appointed to serve as the Chapter 7 Trustee in this case and continues to serve as Trustee herein.

3. On March 11, 2022, the Court entered the *Order on Trustee's Motion To Extend Claims Bar Date For Claims and To Establish Procedures To Solicit Wage Claims* [Doc. No. 82] (the "First Order Regarding Wage Claims"). By the First Order Regarding Wage Claims, the deadline for wage claimants to file proofs of claim in this case was extended to May 25, 2022.

4. On May 24, 2022, the Court entered the *Order on Trustee's Expedited Second Motion To Extend Claims Bar Date For Wage Claims* [Doc. No. 92] (the "Second Order Regarding Wage Claims"). By the Second Order Regarding Wage Claims, the deadline for wage claimants to file proofs of claim in this case was extended to July 15, 2022 (the "Bar Date").

5. Inasmuch as there are a substantial number of priority wage claims in this case, the Trustee actively encouraged the filing of proofs of claim and the submission to the Trustee of individual W-4 forms. The Trustee conducted two separate mailings and multiple email and telephone communications to attempt to obtain the most complete response. [2]

6. The Trustee has examined certain proofs of claim filed to date in this case and has determined that the claims listed on Schedule A, a copy of which is attached hereto, are objectionable and should be disallowed in their entirety and the claims listed on Schedule B, a copy of which is attached hereto, are objectionable and should be allowed in a modified amount as priority wage claims.

7. In accordance with MLBR 3007-1(b), the Trustee has filed herewith a form of notice for the deadline to file responses and hearing date.

## Reservation Of Rights

8. The Trustee expressly reserves the right to amend, modify or supplement this Objection and to file additional objections to the Claims (or any other claims), filed or not, that may be asserted against the Estate. Should one or more of the grounds of objection stated in this Objection be overruled, the Trustee reserves the right to object to any and all claims filed in this

---

[2] The Trustee researched alternative addresses for employees using multiple internet search tools. Ultimately, the Trustee mailed notices and forms to each employee with the majority receiving mailings at two alternative addresses. The Trustee issued over 400 mailings that invited employees to file proofs of claim and submit W-4 forms and included instructions in both English and Spanish. The mailings also included the Trustee's phone number and email. The Trustee held many one-on-one phone conversations, sent email inquiries and asked employees to alert their fellow employees. A sort of phone tree evolved. To make things easy for the employees – in many instances employees sent their signed forms to the Trustee who in turn submitted them to the Court. There was a concerted effort to obtain proofs of claim and W-4 forms for all employees.

3

case whether or not such claims are the subject of this Objection on any other ground that bankruptcy and non-bankruptcy law permits.

9. The Trustee also notes by way of clarification for employees that the allowance of a claim amount does not constitute assurance that the bankrutpcy estate will have sufficient funds to pay the claim in full. While the Trustee anticipates a substantial distribution to wage creditors i.e. in excess of 75%, the exact distribution amount will be established by court order upon approval of the Trustee's Final Report Before Distribution in this case.

## **Notice**

10. A copy of this Objection and notice thereof is being served upon: (i) the Office of the United States Trustee; (ii) all parties who have requested notice pursuant to Bankruptcy Rule 2002; and (iii) Claimants, whose Claims the Trustee objected to. The Trustee respectfully represents that such notice is adequate and complies with Bankruptcy Rules 2002 and 3007.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

1. Disallowing in their entirety the proofs of claim of Claimants as noted on Schedule A;

2. Allowing the proofs of claim of Claimants as noted on Schedule B; and

3. Granting the Trustee such other and further relief as is fair and reasonable under the circumstances.

Respectfully submitted,

ANNE J. WHITE,
Chapter 7 Trustee

By Counsel,

/s/ Anne J. White, BBO No. 524960
Demeo, LLP
66 Long Wharf
Boston, MA 02110
617-263-2300

4

# SCHEDULE A

# CLAIMS TO BE DISALLOWED IN THEIR ENTIRETY

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #81 | Maria Betances | $392.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim in the amount of $392.00. Unfortunately, despite repeated requests as detailed in paragraph 5 and footnote 2 above, the Claimant has failed to submit a Form W-4 to the Trustee. Without a tax identification number, the Trustee is unable to issue a distribution to this wage Claimant. Accordingly, Claim No. 81 should be disallowed in its entirety. | $0.00 |
| #27 | Juana Difo | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant did not include a claim amount on Claim No. 27. While an amount could be established from available information, the Trustee has yet to receive a W-4 Form from the Claimant. Without a tax identification number, the Trustee is unable to issue a distribution to this wage Claimant. Accordingly, Claim No. 27 should be disallowed in its entirety. | $0.00 |
| #86 | Ramona Difo | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant did not include a claim amount on Claim No. 86. While an amount could be established from available information, the Trustee has yet to receive a W-4 Form from the Claimant. Without a tax identification number, the Trustee is unable to issue a distribution to this wage Claimant. Accordingly, Claim No. 86 should be disallowed in its entirety. | $0.00 |

| | | | | |
|---|---|---|---|---|
| #60 | Mirlene Cadet | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | This Claimant has filed two proofs of claim – Claim No. 60 and Claim No. 29. As set forth in Schedule B below, the Trustee recommends that Claim No. 29 be allowed as set forth in detail below. Claim No. 60 is duplicative. Accordingly, Claim No. 60 should be disallowed in its entirety. | $0.00 |
| #19 | Claribel Hiraldo | $15,120.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | This Claimant has filed two proofs of claim – Claim No. 17 and Claim No. 19. As set forth in Schedule B below, the Trustee recommends that Claim No. 17 be allowed as set forth in detail below. Claim No. 19 is duplicative. Accordingly, Claim No. 19 should be disallowed in its entirety. | $0.00 |

# SCHEDULE B

# CLAIMS TO BE RECLASSIFIED AND/OR ALLOWED IN MODIFIED AMOUNTS

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #51 | Edwin Abreu | $15,528.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $15,528.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,284.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 51 should be reduced and allowed as a priority wage claim in the amount of $1,284.00. | $1,284.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #52 | Yannirys Abreu | $19,680.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $19,680.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,896.64 is owed to this Claimant for priority | $1,896.64 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| | | | wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 52 should be reduced and allowed as a priority wage claim in the amount of $1,896.64. | |
| #53 | Maria Acosta | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) - with no amount asserted and no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation, and with the assent of the Commonwealth, the Trustee has concluded that the sum of $750.88 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 53 should be reduced and allowed as a priority wage claim in the amount of $750.88. | $750.88 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #21 | Giovanna Belen | $410.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $410.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the higher sum of | $2,094.88 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

8

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| | | | $2,094.88 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 21 should be increased and allowed as a priority wage claim in the amount of $2,094.88. | |
| #55 | Cindy Berthiaume | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) - with no amount asserted and no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation, and with the assent of the Commonwealth, the Trustee has concluded that the sum of $3,634.88 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 55 should be allowed as a priority wage claim in the amount of $3,634.88. | $3,634.88 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #29 | Mirlene Cadet | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) - with no amount asserted and no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation, and with the assent of the Commonwealth, the Trustee has concluded that the sum of $3,224.84 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 29 should be allowed as a priority wage claim in the amount of $3,224.84. | $3,224.84 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #30 | Catherine Carlstrom | $14,010.12 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $14,010.12 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $3,220.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 30 should be reduced and allowed as a priority wage claim in the amount of $3,220.00. | $3,220.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #31 | Walkabys A. Castillo | $14,010.12 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $14,010.12 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $906.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 31 should be reduced and allowed as a priority wage claim in the amount of $906.00. | $906.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #32 | Marie Ange Cayo | $8,000.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $8,000.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $2,236.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 32 should be reduced and allowed as a priority wage claim in the amount of $2,236.00. | $2,236.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #33 | Ana M. Oyola Concepcion | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) - with no amount asserted and no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation, and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,340.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 33 should be allowed as a priority wage claim in the amount of $1,340.00. | $1,340.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #34 | Maria Alt. Contreras dc Veras | $10,500.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $10,500.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,340.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 34 should be reduced and allowed as a priority wage claim in the amount of $1,340.00. | $1,340.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #14 | Margaret Dorzin | $8,000.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $8,000.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $4,160.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 14 should be reduced and allowed as a priority wage claim in the amount of $4,160.00. | $4,160.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #35 | Maria Elena Francisco | No claim amount - as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) - with no amount asserted and no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation, and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,340.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 35 should be allowed as a priority wage claim in the amount of $1,340.00. | $1,340.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| | | | | |
| #80 | Lymarie Garcia | $2,500.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $2,500.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,340.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 80 should be reduced and allowed as a priority wage claim in the amount of $1,340.00. | $1,340.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #20 | Solmary Guzman | $7,000.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $7,000.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $2,852.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 20 should be reduced and allowed as a priority wage claim in the amount of $2,852.00. | $2,852.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

| No. | Claimant: | Amount of Filed Claim: | Basis of Objection: | Amount of Claim to be Allowed: |
|---|---|---|---|---|
| #17 | Claribel Hiraldo | $15,120.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $15,120.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $1,340.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 17 should be reduced and allowed as a priority wage claim in the amount of $1,340.00. | $1,340.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |
| #67 | Victor Infante | $13,500.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) | The Claimant asserts a priority wage claim under 11 U.S.C. § 507(a)(4) in the amount of $13,500.00 with no support documentation. The Trustee has conducted an analysis of information obtained from both the Debtor and the Commonwealth of Massachusetts. The Commonwealth had issued citations against the Debtor for unpaid wages following a state audit that itemized amounts owed to each employee for given periods. Based on the Trustee's investigation and with the assent of the Commonwealth, the Trustee has concluded that the sum of $7,340.00 is owed to this Claimant for priority wages under 11 U.S.C. § 507(a)(4). Accordingly, Claim No. 67 should be reduced and allowed as a priority wage claim in the amount of $7,340.00. | $7,340.00 as a priority wage claim under 11 U.S.C. § 507(a)(4) |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In Re:

COMPASSIONATE HOMECARE, INC.,
               Debtor.

Chapter 7

Case No. 20-40527-EDK

Debtor's Address: 51 Union Street, Suite 202, Worcester, MA; Debtor's TIN: 27-2281837

**NOTICE OF OBJECTION TO CLAIMS**

Re: Edwin Abreu (Claim No. 51), Yannirys Abreu (Claim No. 52), Maria Acosta (Claim No. 53), Giovanna Belen (Claim No. 21), Cindy Berthiaume (Claim No. 55), Maria Betances (Claim No. 81), Mirlene Cadet (Claim Nos. 29 and 60), Catherine Carlstrom (Claim No. 30), Walkabys A. Castillo (Claim No. 31), Marie Ange Cayo (Claim No. 32), Ana M. Oyola Concepcion (Claim No. 33), Maria Alt. Contreras dc Veras (Claim No. 34), Juana Difo (Claim No. 27), Ramona Difo (Claim No. 86), Margaret Dorzin (Claim No. 14), Maria Elena Francisco (Claim No. 35), Lymarie Garcia (Claim No. 80), Solmary Guzman (Claim No. 20), Claribel Hiraldo (Claim Nos. 17 and 19) and Victor Infante (Claim No. 67)

The Chapter 7 Trustee of Compassionate Homecare, Inc. has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the court to eliminate or change your claim, then on or before the _____ day of _____ 2023, you or your lawyer must:

File with the court a written response to the objection, explaining your position, at: United States Bankruptcy Court, District of Massachusetts, Harold Donohue, Federal Building and Courthouse, 595 Main Street, Worcester, MA 01608.

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.

You must also send a copy to:
Anne J. White, Esq., Demeo, LLP, 66 Long Wharf, Boston, MA 02110 and the Office of the U.S. Trustee, 446 Main Street, 14th Floor, Worcester, MA 01608.

If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim.

Date:

/s/ Anne J. White
Anne J. White, BBO No. 524960
Demeo, LLP, 66 Long Wharf
Boston, MA 02110
Tel: 617-263-2600